**GETCHELL MINE, Inc. v. UNITED STATES.**

No. 613.

United States District Court
D. Nevada.

Jan. 24, 1949.

As Corrected on Denial of Motion for
New Trial June 15, 1949.

John P. Thatcher, of Thatcher, Woodburn & Forman, of Reno, Nev., for plaintiff.

Bruce R. Thompson, Asst. U. S. Atty., for Miles N. Pike, U. S. Atty.. both of Reno, Nev., for defendant.

FOLEY, District Judge.

The case was submitted on a Stipulation of Facts. Therefore, the Court makes its findings of fact in accordance therewith as follows:

Findings of Fact

1. This action is brought against the defendant by virtue of the provisions of Section 41 (20) of Title 28 United States Code [now 28 U.S.C.A. § 1346], and arises under the Internal Revenue laws of the United States and particularly Section 3475(a) of the Internal Revenue Code, 26 U.S.C.A. § 3475(a). The amount involved is more than the sum of Three Thousand Dollars ($3,000 and less than the sum of Ten Thousand Dollars ($10,000).

2. That Getchell Mine, Inc., is a corporation incorporated under and by virtue of the laws of the State of Nevada and engaged in the business of operating a mining property known as the "Getchell Mine," situate in the Potosi Mining District, Humboldt County, Nevada. In the course of its mining operations, plaintiff extracts and moves tungsten and gold ores from natural deposits in the earth to surface ground. The said ores must then be removed and transported to its mill for treatment. After January 1, 1937, and from December 1, 1942, to April 30, 1944, both inclusive, such ores were removed and transported as stated in Paragraph 3 following:

3. That on or about the 1st day of January, 1937, plaintiff entered into an oral contract with Dodge Construction, Inc., a Nevada corporation, whereby Dodge Construction, Inc., agreed to remove, by the use of power shovels, gold and tungsten ores from the mining properties operated by plaintiff and transport the same by truck to designated stockpiles or to the plaintiff's mill for treatment. That for such removal and transportation, Dodge Construction, Inc., was paid sums ranging from 25¢ to $1 per cubic yard, depending on the distance said ores were transported, which varied from 300 feet to 7 miles. That all of said transportation took place on private roads owned, built and maintained by plaintiff on properties acquired by plaintiff prior to 1937 and owned by plaintiff in fee simple, except that during part of the hauling of ores from the Granite Creek Mine to the Getchell mill the said ores were transported over a road built and maintained by plaintiff, for a distance of approximately one mile across the E. ½ of the E. ½ of Section 22, Township 38 North, Range 24 East, M.D.M., which said section is owned by the United States of America.

4. That on and after December 1, 1942, the effective date of section 3475(a) of the Internal Revenue Code, and up to and including April 30, 1944, Dodge Construction, Inc., transported under such contract divers quantities of tungsten and gold ores under the terms of the contract and received payment therefor from plaintiff in the sum of $166,787.31. That in the performance of said contract and the transportation of said ores, Dodge Construction, Inc., was an independent contractor and was engaged in the business of transporting property for hire within the meaning of Section 3475, Title 26 U.S.C.A.

5. That the Commissioner of Internal Revenue, as a result of a review of the circumstances surrounding the transportation of said ores, determined a tax due on the payments made to Dodge Construction, Inc., by plaintiff at the rate of three per cent (3%) of such payments and in an amount of $5,003.62.

6. That the said amount of $5,003.62 was thereafter duly and regularly assessed by the Commissioner of Internal Revenue, together with interest amounting to $1,105.-11, which amount with interest was paid by plaintiff on March 4, 1946.

7. That on or about July 1, 1946, the plaintiff filed a claim for refund of said transportation tax, a copy of which claim

is attached hereto as Exhibit B. That said claim was denied by the Commissioner of Internal Revenue on October 2, 1946. The claim, said Exhibit B is as follows:

"Exhibit B

Form 843
Treasury Department
Internal Revenue Service
(Revised April 1940)

Claim
To Be Filed With the Collector Where Assessment Was Made Or
Tax Paid

The Collector will indicate in the block below the kind of claim
filed, and fill in the certificate on the reverse side

Collector's Stamp

[ ] Refund of Tax Illegally Collected
[ ] Refund of Amount Paid for Stamps Unused,
or Used in Error or Excess
[ ] Abatement of Tax Assessed (not applicable to estate or income taxes).

State of Nevada
County of Washoe } ss:

| Type or Print | Name of taxpayer or purchaser of stamps |  |
|---|---|---|
|  | Getchell Mine, Inc. |  |
|  | 206 North Virginia Street | Reno |
|  | (Street) | (City) |
|  | Nevada |  |
|  | (State) |  |

Residence

"The deponent, being duly sworn according to law, deposes and says that this statement is made on behalf of the taxpayer named, and that the facts given below are true and complete:

1. District in which return (if any) was filed     Nevada
2. Period (if for income tax, make separate form for each taxable year) from     December     , 1942, to April 30, 1944
3. Character of assessment or tax  Tax on transportation of property
4. Amount of assessment, $6,108.73; dates of payment  March 2, 1946
5. Date stamps were purchased from the Government
6. Amount to be refunded                $6,108.73
7. Amount to be abated (not applicable to income or estate (taxes) $
8. The time within which this claim may be legally filed expires, under Section____of the Revenue Act of 19__, on_____, 19__.

"The deponent verily believes that this claim should be allowed for the following reasons:

"See Attached statement, made an integral part of this claim.

(Attach letter-size sheets if space is not sufficient)

"Sworn to and subscribed before me     Signed GETCHELL MINE, INC.
this____day of_____, 19__

_____
(Signature of officer administering oath)     (Title)

Exhibit B (continued, attached statement referred to)

"Getchell Mine, Inc.
"Claim for Refund of Tax
"On Transportation of Property

"The taxpayer contends that it is not subject to the tax on the transportation of property under Section 3475 of the Internal Revenue Code as amended, since the ore never left its property, and the Commissioner has already recognized transportation of mine products from mine to preparation plant as not subject to tax in his regulations under Reg. 113, Sec. 143.13 relative to transportation of coal. There is no reason for distinguishing coal from other mineral products, there being no such distinction in the law except that the rate of tax is based on tonnage rather than amount paid for transportation.

"The amount of $6,108.73 paid, and for which refund is being filed, is determined as follows:

"Tax assessed on transportation charges of Dodge Construction, Inc. for loading and hauling ore on property of Getchell Mine from pit to mill

| | |
|---|---|
| Sulphide ore—December 1942 to April 1944 3% of $114,961.14 | $3,448.83 |
| Tungsten ore—April 1943 to December 1943 3% of $51,826.17 | 1,554.79 |
| Transportation tax | 5,003.62 |
| Interest to December 26, 1944 | 448.31 |
| Penalty of 5% | 272.60 |
| Interest on $5,451.93 from December 26, 1944, to March 1, 1946 | 384.20 |
| | $6,108.73" |

One of plaintiff's contentions is "that there was no taxable transportation because the movement of ores from mine to mill was a part and parcel of the plaintiff's mining operations and was not within the intendment of Congress in the enactment of the taxing statute." Defendant asserts that such contention relates to a ground that is new and different from those presented to the Commissioner of Internal Revenue in plaintiff's claim for refund.

■ The statement attached to and made a part of plaintiff's claim of refund recites that " * * * the Commissioner has already recognized transportation of mine products from mine to preparation plant as not subject to tax in his regulations * * * relative to transportation of coal. There is no reason for distinguishing coal from other mineral products * * *." The Commissioner was therefore advised by plaintiff's claim of refund of plaintiff's contention that the transportation described in Paragraph 3 of Stipulation of Facts was claimed to be a part of the plaintiff's mining operations. For what other purpose could have plaintiff in its statement mentioned the regulation relative to the transportaton of coal? Plaintiff certainly did not ask the Commissioner to apply a regulation applicable to coal to the transportation here involved.

26 U.S.C.A. § 3475 does not exempt from its application transportation incidental to production and the Court's attention has not been called to any administrative definition or interpretation exempting such transportation from the operation of the statute.

As stated in defendant's brief, p. 9, plaintiff's tax problem arose simply and solely because it paid a commercial "carrier" or "person engaged in the business of transporting property for hire" charges for trucking its ore. Plaintiff could have purchased its own trucks or it could have rented trucks owned by others and no tax would have attached to the movement of its property with such equipment.

From the foregoing facts the Court concludes:

Conclusions of Law

■ 1. That there was transportation of property by Dodge Construction, Inc. within the meaning of Section 3475 of the Internal Revenue Code or the regulations thereunder, and that the tax herein involved was legally assessed and collected.

2. That defendant is entitled to judgment denying the prayer of plaintiff's Complaint and for costs herein incurred.

Let judgment be entered accordingly.